FREDERICK PARKER *v.* BURGESS & LEAVENS.

Where a note, made by a copartner payable to his own firm, was indorsed by him in the copartnership name to another, in payment of his individual debt, with notice that he had no authority thus to use the copartnership name, and the note, indorsed also in blank by the party who thus received it, was purchased by the plaintiff from a broker before maturity, for full value, and without notice of the transaction in which the note originated; *Held*, that the plaintiff was entitled to recover of the copartnership as indorsers, the amount of the note; the paper not indicating, and he having no notice of, the fraud practised upon the firm by its agent and copartner.

ASSUMPSIT against the defendants as indorsers of a promissory note, dated September 26, 1856, for $1,995.84, made by the defendant Burgess, and payable to the firm of Burgess & Leavens, five months after date, and by them indorsed in blank.

The case was submitted to the court upon an agreed statement of facts, by which it appeared, that Burgess, the maker of the note, was engaged in the oil business on his own account, as well as in a general commission and cotton business in copartnership with the defendant Leavens; and that becoming indebted, individually, in the former business, to the firm of Sanford & Howland of New Bedford, in payment of his indebtment he gave to them, at their request, and without the knowledge of his copartner, Leavens, the note in question, indorsed by him in the copartnership name, with notice by him to San-

ford & Howland, at the time, that he had no authority thus to use the copartnership name in his individual business. Sanford & Howland indorsed the note in blank, below this indorsement of the defendants, and the note was purchased by the plaintiff for full value, of a broker, before maturity, and without notice of the above facts.

Burgess having shortly afterwards failed, and a portion of the amount due upon the note having been recovered by the plaintiff of Sanford & Howland, and due notice of non-payment having been given to the defendants, the purpose of this suit was, to recover of Leavens, the solvent partner of the late firm of Burgess & Leavens, the balance due upon the same.

*F. E. Hoppin*, for the plaintiff:—

A note made or indorsed by a partner in the partnership name, binds the firm in favor of a *bonâ fide* holder for value, notwithstanding there may have been *fraud* on the part of the partner making the note, and it may have been given originally for the partner's *separate debt.*  5 Pet. 529; *Swift* v. *Tyson,* 16 Ib. 1; Collyer on Partn. §§ 447, 494; Edwards on Prom. Notes, 99, 100; Story on Prom. Notes, § 191; 1 Amer. Lead. Cas. 451, n.  The only ground upon which it has been held that the firm is not bound by a *guaranty* made by one partner, without the knowledge and consent of his copartners, is this, that the contract of guaranty is not within the scope of the partnership business.  Collyer on Partn. § 421; 1 Amer. Lead. Cas. 453, n.; Edwards on Prom. Notes, 103, 104.  *It is* within the scope of a partnership like the one in the present case, which is " for the transaction of a general commission and cotton business," to draw, *indorse,* or accept bills, *notes,* checks, or other negotiable instruments, in the name of the firm; Collyer on Partn. § 384; 1 Amer. Lead. Cas. 440, 441, and notes; and every person taking such paper with the name of the firm signed or indorsed, *bonâ fide* and for value, takes it upon the implied assent of every member of the firm; and the fact that the note was made by John D. Burgess alone, is not such a circumstance of suspicion as to put the holder upon any inquiry.  Story on Prom. Notes, § 197, (2d ed.); 1 Edwards on Prom. Notes, 106.

A contract of guaranty or suretyship of the debt of a third person, is not identical with, but essentially different from, the contract of indorsement, and is so treated in the books; and the difference between the two contracts is too obvious to be more than alluded to. 1 Edwards on Prom. Notes, 103; Collyer on Partn. § 417. It may be a hard case that Mr. Leavens should suffer by the fraud of his partner; but the maxim that "of two innocent persons, he who has enabled a third person to commit the fraud, should suffer," applies to cases like this; and the courts will enforce it. Collyer on Partn. §§ 445, 451, (3d Amer. ed.)

The ground upon which the plaintiff seeks to recover, is this, that he is a *bonâ fide holder for value* of a note *indorsed* by the firm of *Burgess & Leavens ;* that from the nature of the partnership, either party had a right to indorse paper, and that his copartner held Burgess out to the public as competent to do all acts within the scope of the business of the firm, (which in this case was a general commission and cotton business, and which in the nature of the case, implied the making and indorsement of mercantile paper;) that no agreement *inter sese* can affect the plaintiff, unless known to him; and that there was no circumstance upon the face of the paper, or *aliunde*, that put the plaintiff upon inquiry, and no attempt here to *guaranty*, but simply to *indorse* the note.

*T. A. Jenckes*, for the defendant, Leavens :—

The case shows, that the contract on which the plaintiff seeks to recover is one of suretyship or guaranty, made by one copartner, in the name of the firm, for his own individual benefit. It is not sufficient for the plaintiff to show that the defendants were copartners, but he must show some express or implied assent, on the part of the copartner sought to be charged, that he gave either an express or implied assent or authority to the using of the firm name for the purpose of guaranty. Collyer on Partn. §§ 417, 421; *Sutton & McNickle* v. *Irwin et al.* 12 Serg. & R. 13; *Mayberry, Pollard & Co.* v. *Bainton et al.* 2 Harringt. 24; Edwards on Bills and Notes, 103–106, and cases there cited.

The paper itself gives notice that it was made by one co-

partner for his own debt, and that it was guaranteed by the same partner, in the firm name, by the indorsement in that partner's handwriting. The plaintiff was also notified to whom the paper had been passed, the names of Sanford & Howland appearing upon the note as indorsers, and by inquiry of them he could have ascertained all the facts. The plaintiff may be a *bonâ fide* holder for value, so far as notice of the fact that the note was given for an individual debt is concerned, but not so far as the contract of guaranty is concerned. On that he seeks to recover, and concerning the authority of the copartner to make such contract he should have inquired. 1 Amer. Lead. Cas. 455, n.

BRAYTON, J. The plaintiff in this case seeks to recover against the defendants, John D. Burgess and Jedediah Leavens, upon a promissory note made by the said Burgess to the firm of Burgess & Leavens, (which firm consisted of the said Burgess and the said Leavens,) and by them indorsed to the firm of Sanford & Howland, and by that firm indorsed to the plaintiff. The plaintiff claims to recover against the defendants, as indorsers of this note ; the said John D. Burgess having failed to pay it at maturity, and due notice having been given to said indorsers of non-payment.

Leavens, the copartner, who alone appears to contest the claim of the plaintiff to a recovery, now urges as matter of defence, that the making and indorsement of the name of the firm upon it was the act of Burgess alone, in fraud of the firm, and in fraud of his rights as a partner, and so, that the indorsement as to him is void; and the question is, whether the facts stated disclose any sufficient defence, to bar the plaintiff from recovering against him.

In *Winship & others* v. *Bank of United States*, 5 Pet. 529, it is said, that the creation of a partnership, for any purpose, is a grant of power to every partner to transact all the business of that firm in the usual way. This general authority is held out to the world, and everybody who deals with any member of the firm, has a right to consider that member, as the firm. All paper made or indorsed by him, which is within the scope and business of the partnership, binds every member. It is however

sufficient that the paper is made or indorsed in the name of the firm by one of the partners, and that it be within the scope of its business. Story on Part. § 128. If, however, the partner abuses this authority with which he is intrusted by all the members of the firm, and uses it for the purposes of defrauding his copartners, the innocent party, who receives the note in good faith and pays the value for it, is not to suffer; but the maxim strictly applies, that where one of two innocent parties must suffer by the fraudulent or wrongful act of a third person, he who enabled such third person to commit the wrong should suffer, rather than he who had no such agency; and so it is held, that it is no defence to a note made or indorsed in the partnership name, as against the holder who takes it *bonâ fide* for value, and without notice of the fraud, that there has been fraud on the part of the partner in making or indorsing the note. *Winship & others* v. *Bank of United States*, 5 Pet. 529; *Swift* v. *Tyson*, 16 Ib. 1; Story on Prom. Notes, § 191; Amer. Lead. Cas. 451. The holder of such paper, therefore, is debarred from a recovery only when he participates in the fraud or wrongful act of the partner; and in every case where he takes it with notice, he is deemed to be a participator in the fraud, and is not allowed to profit by it. But before he can be debarred, he must have some notice of the character of the act. The statement of facts here concedes, that the plaintiff had no such notice.

The defendant, to relieve himself from this apparent difficulty, assumes what is made apparent by the form of the paper and statement of facts, and says, that the plaintiff seeks to recover in this suit upon a contract of guaranty or suretyship; and claims, that in such case, it is not sufficient for the plaintiff to show that the defendants are partners, but he must also show, that the other partners, either expressly or impliedly, assented to the contract of guaranty; and this, because a guaranty is not within the scope of the partnership business.

The principle to which the defendant refers, is a principle well settled; and if it had any proper application to the facts of the present case, would be decisive of its merits. It is difficult,

24 *

however, to perceive how any effect can be given to it here, without coming in conflict with the principles already stated, and the cases cited, that the party receiving the note must have notice of the fraud, before he can be implicated in it, and therefore debarred. It is admitted here, that the plaintiff had no notice that this was, or was designed to operate as, a guaranty, or that it was other than what it purported to be upon its face, or that any debt existed to be guaranteed. The rule referred to undoubtedly supposes, that the party receiving the note was aware that it was to operate as a guaranty, or that it was upon the face of it a guaranty, and so had notice, that it was a transaction not within the scope of the business of the firm. Had it appeared from the instrument itself, which is sued upon, that it was a guaranty of an individual debt of one of the partners, it would have been necessary for the plaintiff to have proved, affirmatively, that the other partner in fact assented to the guaranty. The burden of proof would have been upon him, because he would then have had notice—it being a matter out of the scope of the partnership business—that it was not within the authority of any single partner, but required the assent of all.

But the defendant argues further, that the paper itself was notice to the plaintiff, when he took this note, that it was made by one copartner for his own individual debt, and that it was guaranteed by the same partner in the name of the firm, and that as the paper showed to whom it was passed, viz: to Sanford & Howland, he might by inquiry have ascertained the facts.

Had the statement of facts not negatived any such notice, it would be difficult to see, how this note, or its indorsement, conveyed to the plaintiff any notice whatever of the kind indicated. It is a promissory note, made by Burgess, payable to the firm. It imports a consideration received of him, and him only, by the firm, and is a contract by him to pay so much money to the firm. It is transferred by indorsement of the firm to Sanford & Howland in the ordinary mode, according to the custom of merchants. It imports a consideration received of Sanford & Howland, and from no one else, and is a contract to

make good the note of Burgess, at maturity, if he fails to pay it; but it does not import any contract between Burgess and Sanford & Howland, or any existing debt due from him to them to be guaranteed, and does not, in the remotest degree, indicate a guaranty of any such debt, or of any debt. The plaintiff is in no sense suing upon a guaranty, but is proceeding against the defendants upon their indorsement of the note of John D. Burgess, made payable to their order, and upon their contract with him, as indorsee, to pay the amount of this note to him, if Burgess should fail to do so at maturity; and if Leavens, the defendant, would avoid the payment, it is incumbent upon him to show, not only that Burgess, his partner, in making this indorsement, acted fraudulently, but that the plaintiff, when he took this note, had notice that the indorsement was made in fraud. It being admitted that he had no such notice, judgment must be entered, according to the agreement of the parties, for the plaintiff, for amount of the note, less the amount recovered thereon by the plaintiff from Sanford & Howland.